SHIVERS, Judge.
Appellant appeals a final order dismissing his petition for writ of mandamus against appellee, the Florida Parole and Probation Commission. We affirm.
Appellant was originally sentenced in 1976. A presumptive parole release date (PPRD) of June 12, 2001, was assigned by the Commission in 1979, and was later reduced by six months at appellant’s first biennial review hearing in 1981. Appellant’s second biennial review was set for September 1983. Prior to that date, the Commission adopted Rule 23-21.09(6), F.A.C., establishing a Youthful Offender Matrix. On June 29, 1983, three months prior to the scheduled second biennial review, a “special” review was conducted. Although the hearing examiner recommended the PPRD be reduced by sixty months due to appellant’s “good adjustment,” the Commission rejected the recommendation and set the third biennial review for 1985.
Appellant sought review of the Commission’s decision, pursuant to section 947.173, Florida Statutes, claiming (along with another issue not raised in this appeal) that the Commission erred in failing to apply the newly enacted Youthful Offender Matrix to appellant. Relief was denied. Appellant then filed a petition for writ of mandamus against appellee, raising the same issue. The petition was dismissed and this appeal ensued.
We affirm the dismissal of appellant’s petition for writ of mandamus and hold that the Commission was not required to apply the Youthful Offender Matrix to appellant.
It is clear from the notes of explanation following Rule 23-21.09(6) that the Youthful Offender Matrix is to be used only when an inmate has been either sentenced under the Youthful Offender Act or classified by the Department of Corrections as a youthful offender, “for initial interviews conducted subsequent to the effective date of this rule.” (emphasis supplied) The only guidance as to the use of the Youthful *191 Offender Matrix in biennial reviews is contained in a Florida Parole and Probation Commission interoffice communication issued on January 26, 1988, stating:
Beginning February 1, 1983, all biennial interviews conducted on Youthful Offenders ... should contain the examiner’s observations relative to the established PPRD in light of the newly adopted Youthful Offender Matrix. If the examiner feels the original scoring would have resulted in an earlier PPRD with the use of the new matrix, such observation should be included and evaluated with all other “new information” in formulating the interview recommendation.
Appellant’s initial interview was conducted in 1979, approximately three and one half years prior to the enactment of Rule 23-21.09(6). We find no authority to support appellant’s argument that appellee was required to apply the Youthful Offender Matrix at the second biennial review hearing. According to the Commission’s interoffice communication, appellee was at most required to evaluate the effect the Youthful Offender Matrix would have had, had it been used at the initial interview, in formulating its biennial review recommendation. It is clear from the record that the effects of the new matrix were considered, but that the Commission disagreed with the examiner’s recommendation.
Accordingly, the order is AFFIRMED.
BOOTH, J., and TILLMAN PEARSON (Ret.), Associate Judge, concur.